**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**KELLY EVE BROWN,**

Plaintiff,

v.

**CITY OF BLOOMINGTON; DANIEL RUEBEN DUERKSEN, personally and in his capacity as a Bloomington police officer; MIKE TAYLOR, personally and in his capacity as a Bloomington police officer; JANE DOE, personally and in her capacity as a Bloomington police officer; RICHARD DOE, personally and in his capacity as a Bloomington police officer; and ROGER WILLOW, personally and in his capacity as a Bloomington police officer;**

Defendants.

Civil No. 01-2292 (JEL/JGL)

**O R D E R**

---

APPEARANCES

Albert T. Goins, Sr., Esq. and Katherine Burke, Esq. for Plaintiff

Paul D. Reuvers, Esq. for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on December 13, 2002 on Plaintiff's Motion to Compel Discovery and to Extend Discovery as to Defendants (Doc. No. 11). The case has been referred to the undersigned for

FILED DEC 1 7 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

On November 22, 2002, Plaintiff noticed the depositions of Defendants Daniel Duerksen and Michael Taylor for December 2, 2002, which was also the discovery deadline in this case. On November 25, 2002, Defendants notified Plaintiff that they were not available to be deposed on December 2, 2002. Defendants also told Plaintiff that they would not agree to extend the discovery period past December 2, 2002. On November 26, 2002, Plaintiff noticed an additional eleven depositions of non-party witnesses, all to take place on December 2, 2002. Defendants objected to all thirteen depositions on the grounds that Plaintiff failed to give reasonable notice of the depositions, the discovery deadline was not extended to allow for the depositions, and Plaintiff exceeded the ten-deposition limit allowed by the pretrial scheduling order. Defendants also assert that Plaintiff has not provided a satisfactory reason for failing to take the depositions before December 2, 2002.

In the interests of justice, Plaintiff will be allowed to take the depositions of Defendants Duerksen and Taylor. Although the Court agrees with Defendants that Plaintiff did not provide reasonable notice of the depositions, the depositions were at least noticed within the discovery period, and there is no question that the Defendants have information crucial to this case. The depositions must be completed on or before January 13, 2003.

However, Plaintiff may not depose the other eleven proposed deponents. Plaintiff did not give reasonable notice of the depositions. Furthermore, Plaintiff has not shown good cause to modify the pretrial schedule to allow for the depositions of these individuals. Plaintiff's counsel's reason that he did not have time during the month of November does not constitute good cause. Finally, although Plaintiff facsimile-noticed the depositions to Defendants, the eleven non-party deponents were not subpoenaed within the discovery period.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery and to Extend Discovery as to Defendants (Doc. No. 11) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order.

Dated: December 16, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge